**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STONEY GLENN,**

    **Petitioner,**

**v.**                                                            **Case No. 4:22cv179-WS/MAF**

**STATE OF FLORIDA,**

    **Respondent.**

_____/

## AMENDED REPORT AND RECOMMENDATION[1]

Petitioner Stoney Glenn, a state inmate proceeding pro se, has filed a "Motion for Rule 60B." ECF No. 20. The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). For the reasons stated herein, Petitioner's motion (ECF No. 20) should be denied.

## Background

Petitioner Glenn filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 5, 2022. ECF No. 1. He did not pay the $5.00

---

[1] The Report and Recommendation issued February 14, 2023, ECF No. 21, was mailed to the address provided by Petitioner at that time, at the Santa Rosa Correctional Institution. On February 22, 2023, this Report and Recommendation was returned to the Court as "undeliverable." ECF No. 22. On or about March 8, 2023, Petitioner mailed a Notice of Change of Address to the Court, indicating his address had changed, effective February 28, 2023, to Graceville Facility. ECF No. 23. The Clerk of Court has updated Petitioner's mailing address accordingly and, thus, this Amended Report and Recommendation will be sent to Petitioner's updated address.

filing fee or submit a motion to proceed in forma pauperis (IFP) as directed by the Court. See ECF No. 5. By Report and Recommendation entered August 1, 2022, the undersigned recommended the petition be dismissed for failure to comply with the Court's order, and allowed a period of fourteen (14) days after service for Petitioner "to show good cause for the failure." ECF No. 6. On August 30, 2022, the district judge adopted the Report and Recommendation and dismissed the § 2254 petition without prejudice for failure to prosecute and failure to comply with a Court order, noting that Petitioner had filed no objections and directing the Clerk of Court to close the case. ECF No. 7.

On August 31, 2022, Glenn submitted for mailing a "Request for Extension of Time to File IFP," ECF No. 9, and a "Motion to Proceed In Forma Pauperis," ECF No. 10. The district judge considered these motions as filed under Federal Rule of Civil Procedure 59(e), seeking to alter or amend the judgment, and denied the motions by order on September 14, 2022. ECF No. 11. The district judge noted that a review of the information Glenn had provided with his motion revealed he had the necessary funds to pay the $5.00 filing fee but had chosen to spend those funds on other things, and the Court had previously warned him that, in such a circumstance, his IFP motion would be denied and the case dismissed. Id. at 2; see ECF No. 5.

On September 21, 2022, Glenn mailed a notice of appeal. ECF No. 12; *see* ECF No. 17. The notice indicates he sought to appeal the Court's order dated August 30, 2022. *See* ECF No. 12.

On October 6, 2022, Glenn filed an amended § 2254 petition in this Court, while his appeal was pending in the Eleventh Circuit. ECF No. 15. On October 19, 2022, he mailed an IFP motion to this Court. ECF No. 16. This IFP motion was placed in a stack of documents that did not get docketed until January 3, 2023, and thereafter referred for disposition. *See* ECF No. 17.

In the meantime, by order on December 15, 2022, the Eleventh Circuit Court of Appeals dismissed Glenn's appeal. Glenn v. State of Florida, No. 22-13334 (11th Cir. Dec. 15, 2022), ECF No. 6 (Order). The order states, in its entirety: "Pursuant to the 11th Cir. R. 42-1(b), this appeal is DISMISSED for want of prosecution because the appellant Stoney Glenn failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in district court within the time fixed by the rules." *Id*.

By order on January 9, 2023, ECF No. 17, the district judge explained that, given the timeline and the documents filed, it was unclear whether Petitioner Glenn intended the IFP motion, ECF No. 16, to go with his

amended § 2254 petition, ECF No. 15, or his notice of appeal, ECF No. 12. In an abundance of caution, the judge assumed he intended it to be filed in connection with his appeal. ECF No. 17 at 3. The judge denied the motion, explaining that for the reasons previously set forth by the Court, ECF Nos. 7 and 11, incorporated herein by reference, the appeal was not taken in good faith and Petitioner Glenn was not otherwise entitled to appeal in forma pauperis, *see* Fed. R. App. P. 24(a). ECF No. 17 at 3. The judge also directed the Clerk of Court to send a copy of the order to the Eleventh Circuit Court of Appeals, with a cover letter referencing the appellate court case number. *Id*. The Eleventh Circuit received the copy of the order on January 11, 2023. See Glenn v. State of Florida, No. 22-13334 (11th Cir. Jan. 11, 2023), ECF No. 7.

In his "Motion for Rule 60B," filed on or about January 23, 2023, Glenn "request[s] relief with good faith that this 2254 motion has merit and should be considered." ECF No. 20. He then lists reasons, in their entirety:

1. The reason this motion was denied is because of a classical harmful error that a[n] IFP form was not executed, see Document 17 filed 1/9/23[.]

2. [E]xcusable neglect that when money was taking [sic] from a small amount of funds that the Petitioner get once a month he expected that $5.00 to go to the above stated court for this instant proceeding[.]

3. "Surprise" [sic] this proceeding has issues above authority of a prisoner who can not send funds from his account but has to depend on Classification.  This Petitioner is overwhelmed, confused and has done his best in compl[y]ing with Court order[.]

4. Please consider Petitioner had a brain an[e]urysm in 2015 at the Medical and Reception Center, R.M.C., Lake Butler.  The Petitioner was sprayed with chemical agent by mistake and asthma, alerg[ie]s, blood pressure caused him to have to be sent to Lake Butler for treatment and did not get treatment until he had brain an[e]urysm and started having seizures, the Warden and Inspector General approved.  This tolled time limitation for filing 2254 and filing the personal injury, medical malpractice, medical neglect, contintung injury continues when will Petitioner get relief!  Petitioner was not present for evidentiary hearing held in his absen[ce].

*Id*.

## Analysis

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  A Rule 60(b) motion may be brought in a habeas case when it "attacks, not the substance of the federal court's resolution on the merits, but some defect in the integrity of the federal habeas proceedings."  *Id*. at 532; *see* Williams v. Chatman, 510 F.3d 1290, 1293-95 (11th Cir. 2007).  Specifically, Rule 60(b) provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final

judgment" for the following reasons:

    (1)  mistake, inadvertence, surprise, or excusable neglect;

    (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)  the judgment is void;

    (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Based on Glenn's assertions in his Rule 60 motion, quoted above, the Court considers the motion as made pursuant to Rule 60(b)(1), alleging mistake, inadvertence, surprise, or excusable neglect. *See* Kemp v. United States, 142 S. Ct. 1856, 1861 (2022) ("Under Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.' Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment. Finally, Rule 60(b)(6) provides a catchall for 'any reason that justifies relief.'

This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable."); <u>Motes v. Couch</u>, 766 F. App'x 867, 870 (11th Cir. 2019) (explaining district court properly construed habeas petitioner's pro se motion to set aside judgment dismissing petition as motion based on newly discovered evidence pursuant to Rule 60(b)(2), rather than motion based on any other reason justifying relief pursuant to Rule 60(b)(6), where petitioner "explicitly alleged he had new evidence in support of his claims" and because "Rule 60(b)(6) is inappropriate where the motion fits into one of the grounds listed in subsections (1)-(5)").

Relief is not warranted under Rule 60(b)(1) in this case. "If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 393 (1993); *see also, e.g.*, <u>Chambers v. Fla. Parole Comm'n</u>, 257 F. App'x 258, 259 (11th Cir. 2007) ("Relief is available under Rule 60(b)(1) for mistakes of law or its application . . . , but typically the district court is not required to grant relief unless the legal error is obvious."). "Excusable neglect is generally an 'equitable inquiry' based upon the particular circumstance of the case." <u>Conn. State Dental Ass'n v. Anthem Health Plans, Inc.</u>, 591 F.3d 1337, 1355 (11th Cir. 2009) (quoting <u>Pioneer</u>, 507 U.S. at 395). In <u>Pioneer</u>, "[t]he Court

identified four factors pertinent to the determination: 'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Conn. State Dental Ass'n, 591 F.3d at 1355 (quoting Pioneer, 507 U.S. at 395).

As set forth above, the district judge adopted the Report and Recommendation and dismissed the petition by order entered August 30, 2022, noting Glenn had not filed an objection. ECF No. 7. On August 31, 2022, Glenn mailed a "Request for Extension of Time to File IFP," ECF No. 9, and a "Motion to Proceed In Forma Pauperis," ECF No. 10. The district judge considered these motions as filed under Rule 59(e) and denied them by order on September 14, 2022. ECF No. 11. The order indicates the information provided by Glenn showed he had the funds to pay the $5.00 filing fee but had chosen to spend his funds on other things, and the Court had previously warned him that, in such a circumstance, his IFP motion would be denied and the case dismissed. *Id*. at 2; *see* ECF No. 5. See Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989) (explaining "Moon made no attempt to comply with the sanction order" and "Rule 41(b) authorizes a district court to dismiss an action for failure to obey a court

order"); *see, e.g.*, Williams v. David, No. 4:07cv116-SPM/WCS, ECF No. 12, 2007 WL 2298007 (N.D. Fla. Aug. 7, 2007) (order dismissing § 2254 petition for failure to comply with Court order).

Glenn has not shown mistake, inadvertence, surprise, or excusable neglect, in connection with this Court's dismissal of his petition for failure to comply with a Court order. Although arguably the opposing party (the State) was not prejudiced as the habeas petition had not been served, and the delay was not extraordinary, as this Court has explained, Glenn had the funds to pay the fee and does not appear to have acted in good faith in making sure the fee was paid. *See, e.g.,* Pioneer, 507 U.S. at 395; Conn. State Dental Ass'n, 591 F.3d at 1355. This Court allowed Glenn more than one opportunity, and several months, to comply with the directive to pay the $5.00 filing fee or submit a properly completed IFP motion. *See* ECF Nos. 3, 5, 6; *see also* ECF No. 4 (Glenn's incomplete IFP motion); Moon, 863 F.2d at 838-39. Indeed, although he has submitted many other filings in this case, Glenn still has not submitted the $5.00 filing fee or a properly completed IFP motion, and he has shown no good reason for the failure to do so. *See* ECF Nos. 9, 10, 15, 16.

Further, Glenn has not shown any surprise, inadvertence, or mistake occurred in this Court dismissing his habeas petition for failure to comply with

a Court order.  *See, e.g.*, Kemp, 142 S. Ct. at 1862-65 (holding that "mistake" in Rule 60(b)(1) includes a judge's error of law).  As this Court previously indicated, the documentation Glenn has supplied indicates that he had the funds to pay the filing fee; instead, he filed multiple and incomplete IFP motions, despite the Court's warning that, in such a circumstance, the case would be dismissed.  *See* ECF Nos. 4, 10, 11, 16.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion (ECF No. 20) be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).

Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion (ECF No. 20) filed by Petitioner Glenn be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 27, 2023.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**